UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

HENRY MITCHELL STACY,                )
                                     )
    Petitioner,                      )
                                     )    No. 5:19-cv-9-CHB-MAS
v.                                   )
                                     )
COMMONWEALTH OF KENTUCKY,             )
                                     )
    Respondent.                      )

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Henry Mitchell Stacy's ("Stacy") petition for writ of habeas corpus under 28 U.S.C. § 2254. [DE 1]. Stacy alleges he received ineffective assistance of counsel. Accordingly, the Court requested a response from Respondent. [DE 14]. Respondent did so with Stacy offering no reply. [DE 24]. For the reasons set forth below, the Court recommends the District Court dismiss the petition.

**I.  FACTS**

On January 20, 2015, Stacy accepted a plea deal recommending life without the possibility of parole on murder, ten (10) years on robbery in the first degree, enhanced to twenty (20) years by the persistent felony offender charge, and one (1) year on tampering with physical evidence enhanced to ten (10) years by the persistent felony offender charge. [DE 24, at Page ID # 111-13]. Stacy had been indicted for crimes arising from his beating, stabbing, and murdering of man in the course of committing a robbery. [*Id.* at Page ID # 108-10]. Stacy did not pursue a direct appeal to the Supreme Court of Kentucky.

On October 5, 2015, Stacy filed a RCr 11.42 motion to vacate his conviction, alleging four grounds for ineffective assistance of counsel. [*Id.* at Page ID # 117-35]. The state court overruled

Stacy's motion on June 30, 2017. [*Id.* at Page ID # 161-68]. Stacy appealed the ruling. [*Id.* at Page ID # 169-83]. The Kentucky Court of Appeals affirmed the state court's ruling on July 6, 2018. Stacy then filed the current petition on January 11, 2019. [DE 1].

## II.   ANALYSIS

Stacy petition raises four grounds in support of his ineffective assistance of counsel claim. [DE 1]. The Respondent accurately summarizes them as:

> Ground 1: Petitioner claims that his trial counsel was ineffective for failing to utilize a mental health expert to investigate his past history or perform a functional MRI;
>
> Ground 2: Petitioner claims his trial counsel was ineffective for failing to file a motion to suppress the fruits of a search warrant;
>
> Ground 3: Petitioner claims his trial counsel was ineffective for failing to inform Petitioner about the possibility that the death penalty might be abolished;
>
> Ground 4: Petitioner claims his trial counsel was ineffective for failing to pursue a mental health defense.

[DE 24, at Page ID # 72-73; *See* DE 1]. The arguments are brief, and each ground is supported by only a few sentences. [*See* DE 1]. Stacy includes no supporting affidavit. Overall, the Court finds these claims lack merit, both procedurally and substantively.

### A.   PROCEDURAL DEFICIENCIES

The adequate and independent state ground doctrine states that "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977)). Even a one sentence opinion is enough to "constitute [] a reasoned decision invoking a procedural bar." *Alexander v. Smith*, 311 F. App'x 875, 882 (6th Cir. 2009).

Here, the grounds raised by Stacy in this petition were all addressed on his appeal to the Kentucky Court of Appeals. [DE 24, at Page ID # 209-220]. The Court of Appeals found grounds 1 and 2 were barred for being too speculative to meet the requirements of a RCr 11.42 motion. [*Id.* at Page ID # 216-217, 219-220]. Ground 3 was rejected for Stacy's failure to cite any legal authority supporting his peculiar argument as mandated by RCr 11.42. [*Id.* at Page ID # 220]. Finally, ground 4 was barred for lacking "particularity" and support by "specific facts", another requirement for RCr 11.42 motions. [*Id.* at Page ID # 218-219]. Thus, with all four grounds, the Kentucky Court of Appeals rejected the arguments advanced by Stacy due solely to state procedural rules. Accordingly, his claims are procedurally barred.

**B.    SUBSTANTIVE DEFICIENCIES**

For the sake of completeness, the Court will entertain Stacy's complaints, and give a brief summary of why his arguments fail on the merits. As the state judiciary determined, Stacy's largest impediment is lack of evidence and support.

All of Stacy's claims allege he received ineffective assistance of counsel. Ineffective assistance of counsel, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency. *Id.* at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694-95. Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

To reach the *Strickland* analysis, however, Stacy must present more than conclusory statements. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief). *See also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Thus, where Stacy has not provided any detail to support or even comprehend his claims, those claims should be dismissed. *See Johnson v. United States*, 457 Fed. App'x 462, 466-67 (6th Cir. 2012); *United States v. Domenech*, No. 1:06-CR-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013).

All of Stacy's arguments lack the detail or evidence necessary to meet the *Strickland* standard. To support ground 1, Stacy writes:

> Counsel received funds for expert witness Dr. Fabian but never used him or [a] neuropsychologist in investigation of my past[.] [It] was discovered that I had several mental issues as a child but were never investigated as a defense[.] [It] was also recommended that there be an FMRI but was ignored by counsel.

[DE 1, at Page ID # 5]. Stacy provides no evidence to support this argument, nor does he show that expert testimony or an MRI would have altered the judicial outcome. This is insufficient to meet the *Strickland* standard. *Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009) ("Hodge's speculation that his testimony would have left a favorable impression with the jury does not demonstrate the required prejudice under *Strickland*.").

Similarly, his support for ground 2 is equally shallow:

> Counsel continued to say they would file a motion they never did [and] exigent warrant was obtained on false information to retrieve phone records[.] [C]ounsel never challenged even though defendant asked them to do so.

[DE 1, at Page ID # 7]. First, the decision of counsel to choose one strategy over another are "virtually unchallengeable". *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th

Cir. 2017) (quoting *Buell v. Mitchell*, 274 F.3d 337, 359 (6th Cir. 2001)).  This is particularly true in a situation like Stacy's, who has failed to provide any indication the strategy prejudiced him. *See Leonard*, 846 F.3d at 849; *see also Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (stating that proving prejudice under *Strickland* involves an "exacting standard" of showing that, but for counsel's failure, there is a reasonable probability that the outcome would have been different). Without more, the Court is wholly unable to discern the merits of the theorized motion or the specifics of any implied suppression efforts.

> For ground 3, Stacy gave the following support:
>
> Counsel led me and my father to believe we could easily give plea back[.]  Paid father gas money to come talk me into it[.]  [W]here they believed death penalty would be abolished had me plea to maximum sentence withheld information thought [it] would be done in five years[.]  [D]id not want to plea was pressured by counsel[.]

[DE 1, at Page ID # 8].  Regarding the death penalty argument, it is non-consequential.  The death penalty is and was at the time of Stacy's crime and conviction a valid sentence in Kentucky.  Ky. Rev. Stat. Ann. § 431.220.  Furthermore, Stacy's claims that he entered his guilty plea uninformed and involuntarily is contradicted by the record.  [DE 26, Recording 14CR42-4.2 (Rearraignment)]. Stacy confirmed he discussed the plea agreement with counsel, understood the plea agreement, and that he was accepting the deal of his own volition at his state court rearraignment.  [*Id.*].  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" because of the "strong presumption of verity" of the statements made under oath during the plea colloquy.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

> Finally, Stacy briefly supports ground 4 by stating:
>
> Expert wanted evaluation done [but] was ignored[.]  [At] time of crime was committed there was ample evidence supporting a defense with mental issues which should have been used with charges facing a death penalty case but was never pursued as an option[.]

[DE 1, at Page ID # 10]. Again, Stacy fails for lack of explanation. He once again leaves the court to speculate what "mental issues" and "ample evidence" exists, with no elaboration on how these were prejudicial to his case. There is no citation to any facts in the record where for the Court could possibly even rummage for an answer to these questions. As with his support for ground 1, this argument is too speculative to meet the *Strickland* standard.

### III. CONCLUSION

For the reasons stated herein, Stacy's claims lack merit and the undersigned recommends that the Court deny Stacy's pending motion.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability). Petitioner has not made a "substantial showing" as to any claimed denial of rights. The Court believes its determination on the merits, which hinges on the deferential AEDPA standard and a reasonable and factually supported result from the state court, is not debatable. None of the claims presents a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under § 2254. As such, Stacy is not entitled to a certificate of appealability.

## RECOMMENDATION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that the District Judge **DISMISS** the petition [DE 1] **WITH PREJUDICE** and **DENY** a certificate of appealability. Within fourteen days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 27th day of September, 2019.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge