UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(at Lexington

| | |
|---|---|
| HENRY MITCHELL STACY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:19-CV-009-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| COMMONWEALTH OF KENTUCKY, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

Petitioner Henry Mitchell Stacy filed a motion [R. 31] for relief from the judgment adopting the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation and denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Among other authority, he cites to Rule 60(b) of the Federal Rules of Civil Procedure. In this case, the Report and Recommendation [R. 27] was filed on September 27, 2019. The Report and Recommendation set 14 days as the time to file objections. *Id.* On October 16, 2019, having received no objections, the Court entered an Order and separate Judgment adopting the Report and Recommendation and dismissing Petitioner's petition. [R. 28; R. 29] Two days later, the Court received Objections to the Report and Recommendation [R. 30] postmarked October 11, 2019. On November 21, 2019, Petitioner filed a Motion for Relief from Judgment [R. 31]. In his Motion, Petitioner states that he did not receive the Report and Recommendation until October 7, 2019 and that he gave his objections to the Report and Recommendation to prison officials for mailing on October 11, 2019. He also states that he did not receive the court's order adopting the Report and Recommendation until October 21, 2019.

Rule 60(b) provides, in pertinent part, that

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

This Court may grant a Rule 60(b) motion for relief from a judgment or order "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" and which suggest that the party seeking relief is faultless in the delay. *In re Schulze*, 560 B.R. 305, 308 (Bankr. E.D. Mich. 2016). Here, while none of the first five numbered clauses of the rule cover this situation, the Court finds that exceptional circumstances are present and that the facts suggest petitioner is faultless in the delay. The motion was additionally made within a reasonable time under Fed. R. Civ. P. 60(c)(1). Thus, Petitioner's motion should be granted and he should be afforded the opportunity to have his objections to the Report and Recommendation considered. Accordingly, and the Court being otherwise sufficiently advised,

    **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's **motion [R. 31]** is **GRANTED** and his **Objections [R. 30]** are **DEEMED** timely filed.

2. The Court's Order and Judgment entered on October 16, 2019 [R. 28; R. 29], are **VACATED**. The Court will consider Petitioner's Objections to the Report and Recommendation and issue further appropriate orders.

3. The Clerk is **DIRECTED** to reopen the case. The Clerk is further **DIRECTED** to re-docket both the Report and Recommendation [R. 27] and the Objections [R. 30] as of the date this order is entered.

This the 28th day of May, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY