UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HENRY MITCHELL STACY, | ) | |
| Petitioner, | )<br>)<br>) | Civil Action No. 5:19-CV-009-CHB |
| v. | )<br>) | |
| COMMONWEALTH OF KENTUCKY, | )<br>) | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Respondent. | )<br>)<br>) | |

*** *** *** ***

Henry Mitchell Stacy filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that he received ineffective assistance of counsel. [R. 1] This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett [R. 33], and Stacy's Objections to the Judge Stinnett's Report and Recommendation [R. 34].

As explained in the Report and Recommendation, Stacy accepted a plea deal on January 20, 2015 "for crimes arising from his beating, stabbing, and murdering of [a] man in the course of committing a robbery." [R. 33 p. 1]  This plea deal recommended "life without the possibility of parole on murder, ten (10) years on robbery in the first degree, enhanced to twenty (20) years by the persistent felony offender charge, and one (1) year on tampering with physical evidence enhanced to ten (10) years by the persistent felony offender charge." [*Id.*]  He did not appeal directly to the Supreme Court of Kentucky, but filed a motion to vacate his conviction, alleging ineffective assistance of counsel. [*Id.*] The state court denied his motion and the Kentucky Court of Appeals affirmed the denial on July 6, 2018. [*Id.*]  Stacy then filed this habeas petition on January 11, 2019. [*Id.*] After reviewing the petition and the record, Magistrate Judge Stinnett

concluded that the petition is both procedurally barred and substantively meritless, and recommended that this Court dismiss the petition and deny a certificate of appealability. [*Id.* at pp. 1,7].

Stacy filed objections to Judge Stinnett's Report and Recommendation, arguing that his claims were not procedurally barred because his post-conviction counsel in state court was constitutionally ineffective. [R. 34] In support of his argument, Stacy cites, among other cases, *Brizendine v. Parker*, 644 F. App'x 588 (6th Cir. 2016). There the Sixth Circuit explained that generally, "before a federal court rules on the merits of a petitioner's § 2254 petition: (1) the petitioner must have exhausted his available state remedies, and (2) the petitioner's claims must not be procedurally defaulted." *Id.* at 592 (citing *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015)). "To excuse such a procedural default, a petitioner must show cause for the default and prejudice from the asserted error." *Id.* However, post-conviction counsel's errors "do not generally constitute cause to excuse default," *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 754–55 (1991)), except for in the narrow circumstance where "a state's procedural framework makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Id.*; *see also Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). In that case, procedural default does not bar a federal court from hearing a "substantial claim of ineffective assistance at trial," if the petitioner had no post-conviction counsel or had ineffective counsel during the initial-review collateral proceeding. *Brizendine*, 644 F. App'x at 592. Kentucky's procedural framework falls within this exception. *Id.* Therefore, Stacy's claims are not procedurally barred if: "(1) his post-conviction counsel was ineffective, and (2) his underlying claims alleging ineffective assistance

of trial counsel are 'substantial,'" meaning they have "some merit." *Id.*

In *Brizendine*, the plaintiff filed a pro se motion to vacate and set aside his sentence under the Kentucky Rule of Criminal Procedure 11.42. *Id.* at 595. The pro se motion "contained conclusory legal assertions but lacked a discussion of the facts or law in support of the legal assertions." *Id.* Therefore, the state court appointed the plaintiff counsel and ordered counsel to "supplement" the pro se motion. *Id.* Counsel never did, and the state court eventually ruled on the pro se motion. *Id.* As the Sixth Circuit explained, "[a]bsent a supplemental memorandum, [plaintiff's] pleadings failed to satisfy the specificity requirements of Rule 11.42," and plaintiff's "post-conviction counsel was constitutionally ineffective for failure to submit a supplemental memorandum by the three-year deadline." *Id.*

Here, it appears that Stacy's post-conviction counsel may have likewise been constitutionally ineffective as Stacy contends. The Commonwealth's response notes that Stacy's post-conviction counsel never filed a supplemental motion,[1] [R. 24 p. 7], even though the state court appointed counsel to "review the record, supplement [Stacy's] pleadings, and to represent [Stacy] at all hearings held regarding this matter." [R. 24-2 p. 72] Thus, Stacy argues that his post-conviction counsel never filed a motion to "rectify, challenge, or remove said procedural bar/default" or "file cause and prejudice"—the standard for removing a procedural default—and "wholly failed to . . . challenge any known procedural default/ bar applied to him and his case." [R. 34] However, even if Stacy can establish that his post-conviction counsel was

---

[1] Although the Commonwealth's response suggests that Stacy's post-conviction counsel made a request for an evidentiary hearing instead of filing a supplemental motion, the motion for an evidentiary hearing appears to have been filed pro se by Stacy and not by his post-conviction counsel. [R. 24-2 p. 53]

constitutionally ineffective for failure to submit a supplement to his Rule 11.42 motion, he has not established that his "underlying claims alleging ineffective assistance of trial counsel are 'substantial'" or have "some merit." *Brizendine*, 644 F. App'x at 592. As Judge Stinnett found in his Report and Recommendation, and this Court agrees, Stacy's underlying claims are meritless.

Stacy claims he received ineffective assistance of counsel, which, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on such a claim, Stacy must prove (1) that his counsel's performance was deficient, and (2) he suffered prejudice due to said deficiency. *Id.* at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694-95.

Stacy states essentially four grounds for his ineffective assistance claim: (1) counsel failed to use a neuropsychologist to investigate his past and his "mental issues as a child," or to conduct an fMRI; (2) counsel was ineffective for failing to file a motion to suppress certain evidence as Stacy had asked counsel to do; (3) counsel misled Stacy into believing he "could easily give plea back," did not tell Stacy that the death penalty might be abolished at some point, and generally "pressured" him into the plea deal; and (4) similar to his first ground, there was "ample evidence supporting a defense with mental issues" but counsel never pursued this. [R. 1] With respect to all four grounds, Stacy provides no evidence to support his arguments or explain how the judicial outcome would have been different had counsel not committed these alleged "errors." His explanation of "mental issues" is vague and conclusory. Whether to file a motion to suppress or to pursue potential defenses is generally a strategic decision made by counsel and is

"virtually unchallengeable." *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017). Additionally, as Judge Stinnett noted, Stacy's claims that he entered his guilty plea uninformed and involuntarily is contradicted by the record, which shows that Stacy confirmed he discussed the plea agreement with counsel, understood it, and was accepting the deal of his own volition at his state court re-arraignment. [R. 26] His claims of being unduly pressured are conclusory and lack any detail. *Blackledge v. Allison*, 431 U.S. 63, 74 (19770 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" because of the "strong presumption of verity" of the statements made under oath during the plea colloquy.). Therefore, the Court finds that Stacy's claims of ineffective assistance of counsel are meritless.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

1.  The **Petition for a Writ of Habeas Corpus** [**R. 1**] is **DENIED** with prejudice.

2.  The Magistrate Judge's **Report and Recommendation** [**R. 33**] is **ADOPTED** as the opinion of this Court.

3.  A separate Judgment will be entered contemporaneously with this Order.

This the 12th day of April, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY